IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**ANTHONY T. MOORE,**

**Defendant.**                                              No. 13-30212-DRH

**MEMORANADUM and ORDER**

**HERNDON, Chief Judge**:

Pending before the Court is the government's motion in limine (Doc. 29). Specifically, the government moves the Court for an order allowing testimony that, after the robbery with which defendant is charged, defendant: (a) threatened witness JB with a firearm to discourage her from discussing the charged robbery (JB was 15 years old at the time); and (b) attempted to kill JB with a firearm, to prevent her from discussing the robbery. The government's position is that testimony concerning these two events constitutes evidence of defendant's consciousness of guilt and that such evidence is relevant and admissible, independent of Rule 404(b) of the Federal Rules of Evidence. Defendant objects to a ruling in limine that the prior testimony of JB is admissible and objects to the introduction of evidence and information of defendant's prior St. Clair County verdict and conviction (Doc. 32). The government filed a reply stating that it does

1

not intend to submit either the state court trial transcript of JB's testimony or the prior state court conviction of defendant in its case in chief (Doc. 33). Based on the following, the Court grants the motion.

By analysis pursuant to Federal Rule of Evidence 403, the Court finds that the evidence is admissible provided that the government presents it with live testimony as it indicated in its pleadings. The probative value of the testimony which demonstrates a consciousness of guilt of defendant outweighs any possible prejudice. *See United States v. Mokol*, 646 F.3d 479, 483 (7th Cir. 2011)(The Seventh Circuit upheld the admissibility of a witness's testimony that Mokol had told the witness that anyone who informed on him would "end up in ground."); *United States v. Harmon*, 721 F.3d 877, 884 (7th Cir. 2013)("Evidence of intimidation of a witness raises an inference of consciousness of guilt which raises an inference of actual guilt. *See e.g., Russell*,662 F.3d at 850; *Mokol*, 646 F.3d at 483. Thus, evidence of the attempted murder and witness intimidation counts was certainly relevant to the other charges against Harmon."). As the United States Supreme Court defines prejudice, this evidence is detrimental to the defendant's case but not prejudicial. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Accordingly, the Court **GRANTS** the government's motion in limine (Doc. 29). Further, the Court **DIRECTS** the government to tender instructions to the Court and to defendant, so that defendant has a right to object to the form, without

2

waiving his objection to the introduction of the evidence.   The government should submit one instruction that will be read to the jury prior to the introduction of the evidence and one to be read to the jury with the final instructions.

**IT IS SO ORDERED.**

Signed this 30th day of May, 2014.

Digitally signed by David R. Herndon
Date: 2014.05.30 13:06:43 -05'00'

**Chief Judge**
**United States District Court**